UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNY CARTER,

        Petitioner,

v.                                     **DECISION AND ORDER**
                                                      05-CV-147S

SUPERINTENDENT LAKEVIEW
CORRECTIONAL FACILITY,

        Respondent.

    1. On March 3, 2005, Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss Petitioner's Petition on July 25, 2005. This Court subsequently referred this case to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters including report and recommendation on dispositive motions.

    2. On December 29, 2005, Judge Schroeder filed a Report and Recommendation recommending that Respondent's Motion to Dismiss be granted and that Petitioner's Petition for Writ of Habeas Corpus be dismissed without prejudice based on his failure to exhaust his state remedies. This Court accepted Judge Schroeder's Report and Recommendation over Petitioner's Objections on March 8, 2006.

    3. On July 13, 2006, Petitioner filed a Motion for Reconsideration, for Reargument, and to Reopen pursuant to Rule 60(b)(2), (3) and (6) of the Federal Rules of Civil Procedure. On September 11, 2006, Petitioner filed a Motion to Expedite. This Court has considered Petitioner's motions and finds them to be without merit. For the following reasons, Petitioner's motions are denied.

    4. Rule 60(b) enumerates certain conditions under which a district court may relieve a party from a final judgment. These conditions include newly discovered evidence,

fraud, misrepresentation or other misconduct of an adverse party, or any other reason justifying relief.  Fed. R. Civ. P. 60 (b)(2), (3) and (6).  Motions brought under subsections (2) and (3) of Rule 60(b) must be made not more than one year after the judgment was entered.

5.  Generally, a Rule 60(b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice."  Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").  However, when evaluating a motion under this provision, courts should strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments."  Nemaizer, 793 F.2d at 61.  Although courts "should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case," they must also be mindful "of other interests, among them the interest of deciding cases on their merits."  United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) ("Cirami II").  It is well-settled in this Circuit that the decision to grant relief under Rule 60(b) is left to the "sound discretion" of the district court.  In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broadcast Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

6.  In the present motion, Petitioner reargues the merits of his habeas corpus petition at length.  However, this Court dismissed Petitioner's habeas corpus petition for failure to exhaust his state remedies because Petitioner's Article 78 hearing before the Honorable Timothy J. Drury remained pending.  Moreover, even if unsuccessful before

Judge Drury, Petitioner would still need to appeal through the state system to fully exhaust his claims.  See Scales v. N.Y. State Div. of Parole, 396 F.Supp.2d 423, 428 (S.D.N.Y. 2005).  This Court therefore dismissed Petitioner's petition without prejudice to him refiling the petition upon exhaustion of all available state remedies.  Nothing in Petitioner's present motion establishes that this Court erred in finding that he failed to exhaust his state remedies, and nothing therein suggests that exhaustion is now complete.[1]  Moreover, Plaintiff has failed to establish the existence of extraordinary circumstances that would granting the relief he requests.  Accordingly, Petitioner's motions are denied.

    IT HEREBY IS ORDERED, that Petitioner's Omnibus Motion (Docket No. 20) is DENIED in its entirety.

    FURTHER, that Petitioner's Motion to Expedite (Docket No. 25) is DENIED.

    SO ORDERED.

Dated:   October 11, 2006
          Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[1] In fact, Petitioner concedes that his case remains pending with Judge Drury.  (Petitioner's Affirmation, Docket No. 21, ¶ 7.)